**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MID-CONTINENT EXCESS & SURPLUS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | |
| FOURTH CLIFF ADVENTURE, INC. and KATRINA TONARELY, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Mid-Continent Excess & Surplus Insurance Company ("Mid-Continent"), by and through its attorneys, Dana A. Rice and Adam P. Joffe of Traub, Lieberman, Straus & Shrewsberry LLP, and for its Complaint for Declaratory Judgment against Defendants, Fourth Cliff Adventure, Inc. ("Fourth Cliff") and Katrina Tonarely ("Tonarely"), it states as follows:

## THE PARTIES

1.      Mid-Continent is, and at all relevant times has been, a corporation organized under the laws of Delaware with its principal place of business in Tulsa, Oklahoma.  At all relevant times hereto, Mid-Continent was a surplus lines insurer whose policies may be sold throughout the country.

2.      At all relevant times hereto, Fourth Cliff was a corporation organized under the laws of Illinois with its principal place of business in Lakewood, Illinois.

3.      At all times relevant hereto, Tonarely was a citizen of Greene County, Missouri.

## JURISDICTION

4.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the citizenship of the parties is diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Specifically, this matter relates to an insurance policy providing in excess of $75,000.00 in coverage and an underlying lawsuit seeking damages far in excess of $75,000.00.

## VENUE

5.　　Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this litigation occurred in this judicial district.  Specifically, the incident giving rise to the underlying lawsuit occurred in Greene County, Missouri, and the underlying lawsuit is currently pending in the Circuit Court of Greene County, Missouri.

## THE UNDERLYING LAWSUIT

6.　　On or about June 28, 2018, Tonarely filed a Petition against Fourth Cliff in the Circuit Court of Greene County, Missouri, under case number 1831-CC00894 ("*Tonarely* Lawsuit").  (A copy of the *Tonarely* Lawsuit is attached hereto as **Exhibit A** and incorporated herein by reference.)

7.　　The *Tonarely* Lawsuit alleges that, on and before May 5, 2017, Fourth Cliff and the Ozarks Regional YMCA maintained an agreement whereby Fourth Cliff "would provide the YMCA with services pertaining to rock climbing walls at YMCA facilities."  (Ex. A, ¶ 7.)

8.　　The *Tonarely* Lawsuit alleges that Fourth Cliff "inspected and maintained climbing equipment consisting of helmets, harnesses, ropes, carabiners, handgrips, climbing walls, handholds, and assisted braking belay devices, at the YMCA's various locations," including Camp Wakonda, located in Ash Grove, Missouri.  (Ex. A, ¶ 8.)

2

9.      The *Tonarely* Lawsuit further alleges that Fourth Cliff also trained and certified YMCA employees on the proper use of the climbing equipment, proper maintenance of the climbing equipment, proper inspection of the climbing equipment prior to each use, and safe climbing techniques.  (Ex. A, ¶ 9.)

10.      The *Tonarely* Lawsuit alleges that on May 5, 2017, Tonarely attended a work retreat at Camp Wakonda.  (Ex. A, ¶ 10.)

11.      At the work retreat, Tonarely allegedly scaled an outdoor rock climbing wall of approximately thirty feet.  (Ex. A, ¶ 12.)

12.      The *Tonarely* Lawsuit alleges that, after reaching the top of the wall, Tonarely instructed her belayer to lower her to the ground, which the belayer began to do.  (Ex. A, ¶ 15.)

13.      The *Tonarely* Lawsuit alleges that, approximately one-third of the way down, Tonarely "suddenly and without warning plummeted to and crashed into the ground, landing on her neck, back and head." (Ex. A, ¶ 16.)

14.      The *Tonarely* Lawsuit alleges that Fourth Cliff had trained and certified the YMCA personnel operating the rock climbing wall and inspected and maintained the equipment that was used to climb the wall.  (Ex. A, ¶ 13.)

15.      The *Tonarely* Lawsuit alleges that Fourth Cliff owed Tonarely a duty to inspect and maintain the YMCA's climbing equipment, to warn Tonarely of any defects with the climbing equipment, and to train and certify the YMCA's employees on the proper use, maintenance, and inspection of the climbing equipment.  (Ex. A, ¶ 17.)

16.      The *Tonarely* Lawsuit alleges that Fourth Cliff breached these duties in the following ways: (1) failing to adequately maintain Tonarely's climbing rope, (2) failing to adequately maintain Tonarely's harness, (3) failing to adequately maintain or replace the assisted

302810803v1 1014051

braking belay device used by her belayer, (4) failing to adequately inspect Tonarely's climbing rope prior to use, (5) failing to adequately inspect Tonarely's harness prior to use, (6) failing to warn Tonarely of defects in the climbing rope prior to use, (7) failing to warn Tonarely of defects in her harness prior to use, (8) failing to warn Tonarely of defects in the braking belay device prior to use, (9) failing to adequately train YMCA employees, (10) failing to adequately certify YMCA employees, (11) failing to adequately supervise YMCA employees, (12) failing to adequately train YMCA employees in the proper use of climbing equipment, (13) failing to adequately train YMCA employees in the proper maintenance of climbing equipment, (14) failing to adequately train YMCA employees in the proper pre-use inspection of climbing equipment, and (15) failing to adequately train the YMCA employees on safe climbing techniques.  (Ex. A, ¶ 18.)

17.     The *Tonarely* Lawsuit alleges that, as a direct and proximate result of Fourth Cliff's negligence, Tonarely suffered serious injuries, including: (1) herniated nucleus pulposus at C6-7 requiring a complete anterior cervical discectomy, (2) neck and shoulder pain with radiculopathy, mid-back pain, and loss of range of motion.  (Ex. A, ¶ 8.)[1]

18.     The *Tonarely* Lawsuit further alleges that, as a direct and proximate result of Fourth Cliff's negligence, Tonarely has suffered, and will continue to suffer, physical pain and disability, as well as mental and emotional distress, loss of enjoyment of life, and loss of wages.  (Ex. A, ¶ 9.)

19.     The *Tonarely* Lawsuit alleges that Tonarely has also incurred, and will continue to incur, expenses related to her medical and health care.  (Ex. A, ¶ 10.)

---

[1] Mid-Continent notes that, perhaps due to drafter's error, the *Tonarely* Lawsuit begins renumbering at paragraph 8, following paragraph 18.

## THE MID-CONTINENT POLICY

20.     Mid-Continent issued a commercial general liability insurance policy to Fourth Cliff through policy number 09-SL-000009490 for the policy period of May 29, 2016 to May 29, 2017 ("Policy").  According to the Policy's Declarations, Fourth Cliff is a corporation whose business is described as "challenge course, zipline contractor."  The Policy provides commercial general liability coverage subject to a $1,000,000 limit of liability per occurrence, a general aggregate limit of $2,000,000, and a $5,000 per claim deductible for bodily injury liability and property damage liability combined. (A copy of the Policy is attached hereto as **Exhibit B** and incorporated herein by reference.)

21.     The *Tonarely* Lawsuit does not seek damages for "personal and advertising injury" as defined in the Policy, and, therefore, Coverage B of the Policy is not germane to this Complaint for Declaratory Judgment.

## COUNT I

## THE POLICY'S "ATHLETIC PARTICIPANTS EXCLUSION" BARS COVERAGE

22.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 21 of its Complaint for Declaratory Judgment as paragraph 22 of Count I of its Complaint for Declaratory Judgment as if fully set forth herein.

23.     The Policy incorporates the following exclusion pertaining to athletic participants:

### EXCLUSION – ATHLETIC PARTICIPANTS

This insurance does not apply to **bodily injury** to any person engaged in:

1.     Any athletic exercise or sports **activity**; or

2.     Managing, coaching or supervising such **activity**

which **you** sponsor or which is conducted on premises **you** own, rent or control.

5

**"Activity"** as used herein includes travel or activity in the course of travel to or from any destination for the purpose of practicing for or participating in any such athletic, exercise or sports activity.

(*See* Ex. B.)

24.     In this case, the *Tonarely* Lawsuit alleges that Tonarely suffered serious injuries while descending from the top of a thirty-foot outdoor rock climbing wall that she had successfully scaled.  (Ex. A, ¶¶ 12-16.)

25.     Specifically, the *Tonarely* Lawsuit alleges that "[a]pproximtely one-third of the way down the wall, and at a time [Tonarely] was not holding on-to or otherwise secured to the climbing wall, [Tonarely] suddenly and without warning plummeted to and crashed to the ground, landing on her neck, back and head."  (Ex. A, ¶ 16.)

26.     To the extent that the *Tonarely* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Athletic Participants Exclusion" bars coverage under Coverage A of the Policy for the damages alleged in the *Tonarely* Lawsuit.

27.     Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

28.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

      a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

302810803v1 1014051

b.   Find and declare that the "Athletic Participants Exclusion" bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

c.   Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

d.   Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II

## THE "TESTING OR CONSULTING ERRORS AND OMISSIONS EXCLUSION" BARS COVERAGE

29.   Mid-Continent adopts and realleges the allegations in paragraphs 1 through 28 of its Complaint for Declaratory Judgment as paragraph 29 of Count II of its Complaint for Declaratory Judgment as if fully set forth herein.

30.   The Policy incorporates the following exclusion regarding "testing or consulting errors and omissions":

**EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability * * ***

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.**   An error, omission, defect or deficiency in:

   **a.**   Any test performed; or

   **b.**   An evaluation, a consultation or advice given; by or on behalf of any insured

**2.**   The reporting of or reliance upon any such test, evaluation, consultation or advice; or

7

**3.** An error omission, defect or deficiency in experimental data or the insured's interpretation of that data.

The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" or the offense that caused the "personal and advertising injury", involved that which is described in Paragraph **1.**, **2.**, or **3**.

(*See* Ex. B, hereafter, the "Testing or Consulting Exclusion").

31.     Here, the *Tonarely* Lawsuit alleges that Fourth Cliff was negligent in the following ways:  (1) failing to adequately maintain Tonarely's climbing rope, (2) failing to adequately maintain Tonarely's harness, (3) failing to adequately maintain or replace the assisted braking belay device used by her belayer, (4) failing to adequately inspect Tonarely's climbing rope prior to use, (5) failing to adequately inspect Tonarely's harness prior to use, (6) failing to warn Tonarely of defects in the climbing rope prior to use, (7) failing to warn Tonarely of defects in her harness prior to use, (8) failing to warn Tonarely of defects in the braking belay device prior to use, (9) failing to adequately train YMCA employees, (10) failing to adequately certify YMCA employees, (11) failing to adequately supervise YMCA employees, (12) failing to adequately train YMCA employees in the proper use of climbing equipment, (13) failing to adequately train YMCA employees in the proper maintenance of climbing equipment, (14) failing to adequately train YMCA employees in the proper pre-use inspection of climbing equipment, and (15) failing to adequately train the YMCA employees on safe climbing techniques.  (Ex. A, ¶ 18.)

32.     As such, the *Tonarely* Lawsuit arises out of "[a]n evaluation, a consultation or advice given; by or on behalf of [Fourth Cliff]", as specifically contemplated by the "Testing or Consulting" Exclusion.  (*See* Ex. B.)

302810803v1 1014051

33.     To the extent that the *Tonarely* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Testing or Consulting" Exclusion bars coverage under Coverage A of the Policy for the damages alleged in the *Tonarely* Lawsuit.

34.     Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

35.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

    a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

    b.    Find and declare that the "Testing or Consulting Exclusion" bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

    c.    Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

    d.    Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III

## THE "TRAINING AND/OR INSPECTION EXCLUSION" BARS COVERAGE

36.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 35 of its Complaint for Declaratory Judgment as paragraph 36 of Count III of its Complaint for Declaratory Judgment as if fully set forth herein.

9

37.     The Policy incorporates the following exclusion regarding training and/or inspection operations:

## EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTIY COVERAGE PART

## SCHEDULE

**Description of Designated Ongoing Operation(s):**

**All Training and/or Inspection Operations**

**Specified Location (if Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted by yourself or for others.

Unless "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

* * *

(Hereinafter, the "Training and Inspection" Exclusion.)

38.     Here, the *Tonarely* Lawsuit alleges that Fourth Cliff was negligent by: (1) failing to adequately maintain Tonarely's climbing rope, (2) failing to adequately maintain Tonarely's harness, (3) failing to adequately maintain or replace the assisted braking belay device used by her belayer, (4) failing to adequately inspect Tonarely's climbing rope prior to use, (5) failing to adequately inspect Tonarely's harness prior to use, (6) failing to warn Tonarely of defects in the

302810803v1 1014051

climbing rope prior to use, (7) failing to warn Tonarely of defects in her harness prior to use, (8) failing to warn Tonarely of defects in the braking belay device prior to use, (9) failing to adequately train YMCA employees, (10) failing to adequately certify YMCA employees, (11) failing to adequately supervise YMCA employees, (12) failing to adequately train YMCA employees in the proper use of climbing equipment, (13) failing to adequately train YMCA employees in the proper maintenance of climbing equipment, (14) failing to adequately train YMCA employees in the proper pre-use inspection of climbing equipment, and (15) failing to adequately train the YMCA employees on safe climbing techniques. (Ex. A, ¶ 18.)

39.    As such, each and every allegation of negligence asserted in the *Tonarely* Complaint either directly relates to or arises out of Fourth Cliff's training and/or inspection operations at the YMCA's Camp Wakonda.

40.    To the extent that the *Tonarely* Lawsuit alleges "bodily injury" caused by Fourth Cliff's training and/or inspection operations, the "Training and Inspection" Exclusion bars coverage under Coverage A of the Policy for the damages alleged in the *Tonarely* Lawsuit.

41.    Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

42.    An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

302810803v1 1014051

b.  Find and declare that the "Training and Inspection" Exclusion bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

c.  Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

d.  Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV

## THE "INSPECTION, APPRAISAL AND SURVEY COMPANIES EXCLUSION" BARS COVERAGE

43.  Mid-Continent adopts and realleges the allegations in paragraphs 1 through 42 of its Complaint for Declaratory Judgment as paragraph 43 of Count IV of its Complaint for Declaratory Judgment as if fully set forth herein.

44.  The Policy incorporates the following exclusion regarding "inspection, appraisal and survey companies":

**EXCLUSION – INSPECTION, APPRAISAL AND SURVEY COMPANIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART:

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability * * ***

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

The exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" or other offense which caused the "personal and advertising injury", involved the rendering of or failure to render professional services in the

12

302810803v1 1014051

performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

(*See* Ex. B., hereinafter referred to as the "Inspection, Appraisal and Survey Exclusion.")

45.     Here, the *Tonarely* Lawsuit alleges that Fourth Cliff was negligent in the following ways:  (1) failing to adequately maintain Tonarely's climbing rope, (2) failing to adequately maintain Tonarely's harness, (3) failing to adequately maintain or replace the assisted braking belay device used by her belayer, (4) failing to adequately inspect Tonarely's climbing rope prior to use, (5) failing to adequately inspect Tonarely's harness prior to use, (6) failing to warn Tonarely of defects in the climbing rope prior to use, (7) failing to warn Tonarely of defects in her harness prior to use, (8) failing to warn Tonarely of defects in the braking belay device prior to use, (9) failing to adequately train YMCA employees, (10) failing to adequately certify YMCA employees, (11) failing to adequately supervise YMCA employees, (12) failing to adequately train YMCA employees in the proper use of climbing equipment, (13) failing to adequately train YMCA employees in the proper maintenance of climbing equipment, (14) failing to adequately train YMCA employees in the proper pre-use inspection of climbing equipment, and (15) failing to adequately train the YMCA employees on safe climbing techniques.  (Ex. A, ¶ 18.)

46.     To the extent that the *Tonarely* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Inspection, Appraisal and Survey Exclusion" bars coverage under Coverage A of the Policy for the damages alleged in the *Tonarely* Lawsuit.

47.     Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

48.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to

302810803v1 1014051

declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.   Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.   Find and declare that the "Inspection, Appraisal and Survey Exclusion" bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

c.   Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

d.   Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT V

## THE "PROFESSIONAL SERVICES" EXCLUSION BARS COVERAGE

49.   Mid-Continent adopts and realleges the allegations in paragraphs 1 through 48 of its Complaint for Declaratory Judgment as paragraph 49 of Count V of its Complaint for Declaratory Judgment as if fully set forth herein.

50.   The Policy incorporates the following exclusion regarding professional services:

**EXCLUSION – PROFESSIONAL SERVICES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
* * *

The following exclusion is added to paragraph **2., Exclusions** of **SECTION I – Coverage A – Bodily Injury And Property Damage Liability** * * *

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering or failure to render any professional service.
* * *

14

302810803v1 1014051

(*See* Ex. B, hereinafter referred to as the "Professional Services" Exclusion.)

51.     Here, the *Tonarely* Lawsuit alleges that Fourth Cliff was negligent in the following ways:  (1) failing to adequately maintain Tonarely's climbing rope, (2) failing to adequately maintain Tonarely's harness, (3) failing to adequately maintain or replace the assisted braking belay device used by her belayer, (4) failing to adequately inspect Tonarely's climbing rope prior to use, (5) failing to adequately inspect Tonarely's harness prior to use, (6) failing to warn Tonarely of defects in the climbing rope prior to use, (7) failing to warn Tonarely of defects in her harness prior to use, (8) failing to warn Tonarely of defects in the braking belay device prior to use, (9) failing to adequately train YMCA employees, (10) failing to adequately certify YMCA employees, (11) failing to adequately supervise YMCA employees, (12) failing to adequately train YMCA employees in the proper use of climbing equipment, (13) failing to adequately train YMCA employees in the proper maintenance of climbing equipment, (14) failing to adequately train YMCA employees in the proper pre-use inspection of climbing equipment, and (15) failing to adequately train the YMCA employees on safe climbing techniques.  (Ex. A, ¶ 18.)

52.     To the extent that the *Tonarely* Lawsuit alleges "bodily injury" caused by an "occurrence," the "Professional Services" Exclusion bars coverage under Coverage A of the Policy for the damages alleged in the *Tonarely* Lawsuit.

53.     Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

54.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to

302810803v1 1014051

declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.  Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.  Find and declare that the "Professional Services" Exclusion bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

c.  Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

d.  Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT VI

## THE "DEFENSE COSTS ENDORSEMENT" ENTITLES MID-CONTINENT TO RECOUP THE DEFENSE COSTS IT HAS INCURRED IN DEFENDING FOURTH CLIFF IN THE *TONARELY* LAWSUIT

55.  Mid-Continent adopts and realleges the allegations in paragraphs 1 through 54 of its Complaint for Declaratory Judgment as paragraph 55 of Count VI of its Complaint for Declaratory Judgment as if fully set forth herein.

56.  The Policy incorporates the following exclusion regarding the management and/or running of "challenge courses":

### EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTIY COVERAGE PART

### SCHEDULE

**Description of Designated Ongoing Operation(s):**

16

**All operations involving the management and/or running of a zip and/or challenge course.**

**Specified Location (if Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted by yourself or for others.

Unless "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

        * * *

(Hereinafter, the "Challenge Course" Exclusion.)

57.      Here, Tonarely was allegedly participating in work retreat activities when she fell from the wall at Camp Wakonda.  (Ex. A, ¶ 10.)

58.      The *Tonarely* Lawsuit alleges that Fourth Cliff and the Ozarks Regional YMCA maintained an agreement whereby Fourth Cliff "would provide the YMCA with services pertaining to rock climbing walls at YMCA facilities." (Ex. A, ¶ 7.)

59.      The *Tonarely* Complaint further alleges that Fourth Cliff "inspected and maintained climbing equipment consisting of helmets, harnesses, ropes, carabiners, handgrips, climbing walls, handholds, and assisted braking belay devices, at the YMCA's various locations," including Camp Wakonda.  (Ex. A, ¶ 8.)

60.      The *Tonarely* Complaint also alleges that Fourth Cliff trained and certified YMCA employees on the proper use of the climbing equipment, proper maintenance of the climbing

302810803v1 1014051

equipment, proper inspection of the climbing equipment prior to each use, and safe climbing techniques.  (Ex. A, ¶ 9.)

61. Accordingly, the "Challenge Course" Exclusion bars coverage for the claims asserted in the *Tonarely* Complaint because the *Tonarely* Complaint alleges "bodily injury" arising out of the management and/or running of a challenge course.

62. Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit.

63. An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

  a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

  b. Find and declare that the "Challenge Course" Exclusion bars all coverage under the Policy for the claims asserted in the *Tonarely* Lawsuit;

  c. Find and declare that Mid-Continent has and had no duty under the Policy to defend Fourth Cliff against the *Tonarely* Lawsuit, or to indemnify Fourth Cliff for any judgment or settlement entered in the *Tonarely* Lawsuit; and

  d. Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

18

## COUNT VII

## THE "COVERAGE C EXCLUSION" BARS COVERAGE FOR MEDICAL PAYMENTS

64.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 63 of its Complaint for Declaratory Judgment as paragraph 64 of Count VII of its Complaint for Declaratory Judgment as if fully set forth herein.

65.     The Policy contains the following exclusion regarding medical payments under Coverage C of the Policy:

### EXCLUSION – COVERAGE C – MEDICAL PAYMENTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Description And Location Of Premises Or Classification:**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any premises or classification shown in the Schedule:

**1.**     Section **I** – Coverage **C** – Medical Payments does not apply and none of the references to it in the Coverage Part apply; and

**2.**     The following is added to Section **I** – Supplementary Payments:

**h.**     Expenses incurred by the insured for first aid administered to others at the time of an accident for "bodily injury" to which this insurance applies.

(*See* Ex. B, hereinafter referred to as the "Coverage C Exclusion.")

66.     The *Tonarely* Lawsuit alleges, among other things, that "[a]s a direct and proximate result of the carelessness and negligence of [Fourth Cliff] as described herein, [Tonarely] has in the past, and will in the future, incur expenses related to her medical and health care." (*See, e.g.,* Ex. A, ¶ 10.)

19

302810803v1 1014051

67.     To the extent that the *Tonarely* Lawsuit seeks medical payments under Coverage C, such payments are expressly excluded by the plain language of the Policy.

68.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

b.     Find and declare that the "Coverage C Exclusion" bars all coverage under the Policy for medical payments sought in the *Tonarely* Lawsuit;

c.     Find and declare that Mid-Continent has and had no duty to indemnify Fourth Cliff for any judgment or settlement regarding medical payments in the *Tonarely* Lawsuit; and

d.     Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT VIII

## THE "DEFENSE COSTS ENDORSEMENT" ENTITLES MID-CONTINENT TO RECOUP THE DEFENSE COSTS IT HAS INCURRED IN DEFENDING FOURTH CLIFF IN THE *TONARELY* LAWSUIT

69.     Mid-Continent adopts and realleges the allegations in paragraphs 1 through 68 of its Complaint for Declaratory Judgment as paragraph 69 of Count VIII of its Complaint for Declaratory Judgment as if fully set forth herein.

70.     The Policy contains the following endorsement concerning recoupment of defense costs:

### ILLINOIS CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

302810803v1 1014051

* * *

COMMERCIAL GENERAL LIABILITY COVERAGE PART
* * *

**A.**     The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

      **1.**     Section I of the Commercial General Liability * * *
      * * *

**B.**     If we initially defend an insured ("insured") or pay for an ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

      The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

(*See* Ex. B, hereinafter referred to as the "Defense Costs Endorsement.")

71.     Mid-Continent is currently defending Fourth Cliff in the *Tonarely* Lawsuit under a reservation of rights.

72.     To the extent that this Court determines that the claims asserted in the *Tonarely* Lawsuit are not covered under the Policy, Mid-Continent is entitled to recoupment of the defense costs incurred in the defense of Fourth Cliff in the *Tonarely* Lawsuit.

73.     An actual controversy exists between Mid-Continent, Fourth Cliff, and Tonarely, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Mid-Continent, respectfully prays that this Honorable Court:

      a.     Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Policy;

21

302810803v1 1014051

b.     Find and declare that the "Defense Costs Endorsement" entitles Mid-Continent to recoupment of the defense costs it has incurred in its defense of Fourth Cliff in the *Tonarely* Lawsuit;

c.     Grant Mid-Continent such other and further relief that the Court deems proper under the facts and circumstances.

Dated: May 8, 2019

Respectfully submitted,

**HESSE MARTONE, P.C.**

By: */s/ Josephine P. Abshier*
      Josephine P. Abshier,
      530 Maryville Centre Drive, Ste. 250
      St. Louis, MO 63141
      (314) 862-0300 – Telephone
      (314) 862-7010 – Facsimile
      josephineabshier@hessemartone.com

      Dana A. Rice, (*To Be Admitted Pro Hac Vice*)
      Traub Lieberman Straus
      & Shrewsberry LLP
      303 West Madison Street, Suite 1200
      Chicago, IL 60606
      (312)332-3900 - Phone
      (312)332-3908 - Facsimile
      drice@tlsslaw.com

      ***Attorneys for Plaintiff***
      ***Mid-Continent Insurance Company***

302810803v1 1014051